UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN C. STANDLEY,  ) CASE NO. C10-5725-JLR
  )
    Plaintiff,  )
  )
    v.  ) REPORT AND RECOMMENDATION
  ) RE: SOCIAL SECURITY DISABILITY
MICHAEL J. ASTRUE, Commissioner ) APPEAL
of Social Security,  )
  )
    Defendant.  )
_____ )

Plaintiff John C. Standley proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REMANDED for further proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1944.[1] He has a four-year college education and

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

previously worked as a correctional officer, computer support technician, IT instructor, and telephone technical support clerk. (AR 19, 24.)

Plaintiff filed an application for DIB on June 15, 2004, alleging disability beginning June 1, 2004. (AR 18.) The ALJ found that he is insured for DIB through at least the date of the decision. (AR 25.) Plaintiff's application was denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On December 12, 2007, ALJ Brenton L. Rogozen held a hearing, taking testimony from plaintiff, a medical expert, and a vocational expert. (AR 740-84.) On January 10, 2008, the ALJ issued a decision finding plaintiff not disabled. (AR 18-26.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on July 30, 2010 (AR 5-8), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's back disorder, coronary artery disease, and left (non-dominant) shoulder degenerative joint

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

disease (without rotator cuff tear) severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a wide range of sedentary work, lifting and carrying ten pounds consistently, sitting for at least six hours and standing and walking for two hours cumulatively in an eight-hour workday allowing for usual breaks. He should never climb ladders, ropes, or scaffolds, or work near hazards such as at unprotected heights or close to moving, dangerous machinery, and he should avoid concentrated exposure to extreme cold temperature, wetness, vibration, and environmental toxins such as noxious fumes and chemicals. Plaintiff should no more than occasionally climb ramps or stairs, or stoop, kneel, crouch, or crawl, and he should not continually balance without an assist. He should only perform occasional reaching tasks with his left (non-dominant) upper extremity.

With that assessment, the ALJ found plaintiff able to perform his past relevant work of IT instructor and telephone technical support clerk. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues[2] that the ALJ failed to properly evaluate the medical evidence, erred in the evaluation of his testimony regarding his symptoms and limitations, failed to properly evaluate lay witness evidence, and overlooked some of his functional limitations in evaluating his RFC. Plaintiff argues that, therefore, the ALJ's step four finding is not supported by substantial evidence. He requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Medical Opinion Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected

---

[2] Plaintiff's Opening Brief contains a lengthy recitation of evidence, consisting of more than half the total pages of his brief. The parties are reminded that such a recitation is unnecessary and, in fact, is discouraged. Rather, a discussion of the relevant facts and portions of the administrative record should be conducted in the context of specific assignments of error.

only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751).

Plaintiff assigns error to the ALJ's evaluation of the medical evidence. Specifically, plaintiff argues the ALJ erred in failing to acknowledge the degenerative disc disease in his cervical spine, failed to mention any evidence from his treating nurse practitioner Deborah L. Chaquette or from examining physician Dr. Janna L. Friedly, and failed to fully accept the medical findings of Dr. Ryan Chew.

Although not directly responding to plaintiff's assertions as to Ms. Chaquette, Dr. Friedly, or Dr. Chew, the Commissioner argues that plaintiff has not succeeded in showing error in the ALJ's consideration of his cervical spine degenerative disc disease. Further, the Commissioner argues, any error that may have occurred was harmless, as plaintiff fails to articulate any impact on the RFC assessment.

The Court does not find error in the lack of reference to plaintiff's cervical spine problems. Contrary to plaintiff's assertion, the ALJ specifically acknowledged the cervical spine x-rays showing the presence of degenerative disc disease. (AR 20, 528.) The ALJ found that plaintiff's severe impairments included a "back disorder," not limiting the finding to

either the lumbar, thoracic, or cervical back area. A diagnosis alone is not sufficient to establish a severe impairment. 20 C.F.R. § 404.1520(c). The evidence does not establish, and plaintiff does not contend, that the degenerative disc disease in his cervical spine significantly limits his ability to work, *see Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. § 404.1520(c) (at step two, a claimant has the burden of making a threshold showing that a medically determinable impairment significantly limits his ability to perform basic work activities), or causes any functional limitations beyond those set forth in the ALJ's RFC, *see Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to list impairment as severe at step two harmless where limitations considered at step four).

Further, although plaintiff summarizes Ms. Chaquette's opinions[3] and Dr. Friedly's June 29, 2005 examination findings, he does not point to any specific opinions the ALJ failed to consider, nor explain how the consideration of such opinions would have affected the ALJ's decision. *See Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error in Social Security context where a "mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.") *See also Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 at *2 (E.D. Cal. Sept. 2, 2008) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).

Plaintiff additionally argues that the ALJ erred by failing to fully accept the medical

---

   3 Plaintiff appears to have miscited the records relating to Ms. Chaquette. (*See* Dkt. 16 at 15.) The only record from Ms. Chaquette consists of a report to the state DDS. (AR 304-305A.)

REPORT AND RECOMMENDATION
PAGE -6

findings of Dr. Chew, who examined plaintiff on October 9, 2004.  (AR 298-303.)  Plaintiff cites Dr. Chew's findings of limited range of back and neck motion, a positive straight leg raising test, and "reproducible tenderness over the paraspinous region[.]" (AR 301-02.) Again, however, plaintiff fails to articulate a theory as to how the omission of these symptoms impacted the ALJ's ultimate disability conclusion beyond the ALJ's finding that plaintiff's back disorder and left shoulder degenerative joint disease were severe impairments.  (AR 19.)

More problematic is plaintiff's argument that the ALJ failed to fully accept Dr. Chew's opinion that he needs to use an assistive device for short and long distances and on uneven terrain.  (AR 302).  Although the ALJ noted Dr. Chew's observation that plaintiff's "station and gait were seen as more 'stable' with the use of a cane" (AR 20), and indicated that substantial weight was given to Dr. Chew's medical opinions (AR 22), he did not include Dr. Chew's recommendation that plaintiff use an assistive device as part of the RFC or otherwise address this limitation.  Plaintiff testified that he has been using a cane since 1995. (AR 756-57, 767.)  The vocational expert was not asked about the compatibility of the use of an assistive device with plaintiff's ability to perform the jobs of IT instructor or telephone technical support clerk.  The Court finds it necessary to remand the case to allow the ALJ to address plaintiff's need to use an assistive device, such as a cane, or to explain why the requirement was not adopted.  If plaintiff's RFC is amended in that regard, the ALJ may find it necessary to re-address plaintiff's ability to perform the IT instructor and telephone technical support clerk jobs.

Credibility Determination

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). *See also Thomas*, 278 F.3d at 958-59. In finding a social security claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

In considering a plaintiff's subjective pain testimony, "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, medical evidence is "still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Additionally, an ALJ also appropriately considers an unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ permissibily inferred that the claimant's pain

was not as disabling as alleged "in light of the fact that he did not seek an aggressive treatment program and did not seek an alternative or more-tailored treatment program after he stopped taking an effective medication due to mild side effects.")

Plaintiff argues the ALJ failed to properly evaluate his testimony regarding his symptoms and limitations. He disputes the negative inference drawn by the ALJ relating to the amendment of his disability onset date to post-date his receipt of unemployment benefits and to his receipt of early retirement benefits. He contends the ALJ applied an inappropriate "sit and squirm test" by including his observations of plaintiff during the hearing. Plaintiff argues the ALJ's evaluation of his subjective complaints was contrary to law in finding them credible only to the extent they were supported by objective evidence. He disputes the reasonableness of the ALJ's finding that his daily activities are inconsistent with his testimony about his limitations. Plaintiff notes the ALJ's failure to reference his use of pain pills to relieve his symptoms, or the testimony of the medical expert finding credible his complaints of fatigue.

In response, the Commissioner avers that, while the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, he reasonably found plaintiff's statements about the intensity, persistence and limiting effects of his symptoms not fully credible. The Commissioner argues that the reasons given by the ALJ and challenged by plaintiff are all appropriate and reasonable and that, at any rate, the elimination of any one reason does not mean the ALJ's entire credibility assessment is improper. *Bray v. Commissioner*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The Court agrees that the ALJ properly evaluated plaintiff's credibility. Credibility determinations are the province of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)

REPORT AND RECOMMENDATION
PAGE -9

The ALJ may use ordinary techniques of credibility evaluation to evaluate the claimant's testimony, and if specific, clear, and convincing reasons are provided, the decision will be upheld. *Thomas*, 278 F.3d at 960. If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing. *Id.*

Plaintiff contends the ALJ applied an impermissible objective evidence test in evaluating his testimony. However, taken in context, it is apparent the ALJ applied the correct standard:

> Subjective complaints are considered credible only to the extent that they are supported by the evidence of record as summarized in the text of this decision. Therefore to the extent that the [plaintiff] contends that for any continuous 12-month period, he was rendered completely incapable of performing even "sedentary" or predominately "sit-down" work with minor postural adjustment, the undersigned must compare these contentions to the record as a whole to determine the degree of credibility to be given.
>
> The undersigned acknowledges that a [plaintiff]'s symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone.

(AR 23; emphasis in decision, citations omitted.)

This statement does not support plaintiff's contentions that the ALJ rejected his testimony solely because it was not supported by the objective evidence. Rather, the ALJ appropriately indicated that the evaluation of plaintiff's pain complaints would be evaluated "by the evidence of record[.]" C.F.R. § 404.1529(c) ("In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including your history, the signs and laboratory findings, and statements from you, your treating or nontreating source, or other persons about how your symptoms affect you.")

The ALJ found that plaintiff's daily activities, including his ability to do his own

REPORT AND RECOMMENDATION
PAGE -10

01 laundry, mow the yard, drive a motor vehicle, shop for groceries, and attend church regularly,
02 did not support plaintiff's assertion that he was unable to sustain any work activity. (AR 23.)
03 The ALJ reasonably found plaintiff's activities not inconsistent with a functional capacity for
04 performing sedentary work. (AR 23.)

The ALJ noted that, despite plaintiff's contention of an inability to sit or stand for longer than twenty minutes or to focus or pay attention due to side effects of prescribed medications, he observed no special difficulties in either regard during the hearing. (AR 23.) Plaintiff argues that the reliance on these observations by the ALJ was inappropriate, as well as having no relevance to his abilities in a work situation. *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) (holding that a denial of benefits cannot be based on the ALJ's observation of claimant when his statements to the contrary are supported by objective evidence). *But see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (finding proper the ALJ's reliance on his observations of claimant's behavior at hearing). However, the Court does not find inappropriate the limited reliance by the ALJ on observations of plaintiff's ability to sit longer than twenty minutes and to pay attention, taken in context with the other reasons given for the ALJ's credibility assessment. *Nyman v. Heckler,* 779 F.3d 528, 531 & n.1 (9th Cir. 1985) (ALJ's personal observations did not render decision improper where decision included evaluation of claimant's testimony, stated opinions of physicians, objective medical evidence, and claimant's demeanor at hearing; also stating: "The ALJ's observation of Nyman's demeanor was relevant to his credibility and was not offered or taken as a substitute for medical diagnosis.")

Plaintiff disputes the validity of the ALJ's finding that he "takes little in the way of

potent prescribed pain medication" (AR 24), noting his testimony at hearing that he has taken thirty milligrams of codeine "generally every four to six hours" for the last two years. (AR 219, 753.) It is unclear whether the ALJ overlooked this testimony in relying on the lack of pain medication taken by plaintiff. Since the matter is being remanded on other grounds, the ALJ should clarify this point. The Court finds no error, however, in the ALJ's finding that plaintiff's testimony about fatigue and the need to lie down every afternoon (AR 765) were not mentioned in the medical records. While plaintiff asserts that the medical expert testified that his complaints of fatigue were credible, it was the lack of plaintiff's mention of these complaints to his doctor that the ALJ found to negatively impact the credibility of his testimony. (AR 24.) Nor did the ALJ reject plaintiff's testimony because his conditions were stable, as plaintiff asserts. Although the ALJ noted the relevant findings of diagnostic studies (AR 24), the decision does not indicate he drew a negative connotation from the stability of plaintiff's conditions.

Plaintiff testified that for one year after he last worked in May 2003, he received unemployment benefits, was actively looking for work in the IT field, and would have taken a job if it had been offered to him. (AR 749.) His application for social security benefits alleged that he was disabled from work beginning May 23, 2003. (AR 92.) At the conclusion of the December 2007 administrative hearing, plaintiff's attorney moved to amend the alleged onset date to June 1, 2004. (AR 782.) The ALJ's reliance on plaintiff's filing for unemployment benefits as adversely reflecting on his credibility is supported by substantial evidence in the record.

Less convincing is the ALJ's reliance on plaintiff's acceptance of early retirement in

evaluating plaintiff's credibility. (AR 23 ("The claimant reports that he has already accepted early retirement, which certainly suggests to the undersigned a somewhat less than motivated attitude concerning the seeking of gainful employment.")) Plaintiff testified that he cashed in his pension to pay off a second mortgage. (AR 752.) On this record, the Court does not find this basis for the ALJ's credibility finding supported by substantial evidence. However, the other reasons given by the ALJ supporting the adverse credibility finding provide substantial evidence support, rendering the error in relation to retirement harmless. *See Batson v. Comm'r,* 359 F.3d 1190, 1197 (9th Cir. 2004).

## Lay Testimony

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving reasons germane to each witness. *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). *Accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.") "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

Although the Commissioner argues that the ALJ properly discussed the lay witness testimony, this Court agrees with plaintiff that, although the ALJ briefly mentioned the statements of his landlady (Ms. Lunsford) and his wife (Ms. Fontaine), he neither explained the weight accorded them, nor provide any explanation for rejecting them. Therefore, on remand, the ALJ should consider the lay witness statements and give legally sufficient reasons for the weight accorded them.

### RFC and Step Four Finding

At step four, the ALJ must identify plaintiff's functional limitations or restrictions. *See* 20 C.F.R. § 404.1545; SSR 96-8p. RFC is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining his RFC. §§ 404.1545(e); SSR 96-8p. *See also Erickson v. Shalala*, 9 F.3d 813, 818 (9th Cir. 1993) ("The ALJ must consider all factors that might have a 'significant impact on an individual's ability to work.'") (quoting *Varney v. Secretary of HHS*, 846 F.2d 581, 585 (9th Cir.), relief modified, 859 F.2d 1396 (1988)).

Plaintiff argues that the errors in the ALJ's consideration of the medical evidence, the lay witness statements, and his credibility impacted the RFC assessment. Further, plaintiff contends the ALJ failed to consider certain specific limitations such as his need to change positions at will, to take naps in the afternoon, to use a cane at all times, and his inability to type.

As discussed previously, the Court does not find reversible error in the ALJ's

consideration of plaintiff's credibility or the medical testimony, with the exception of the need to consider the opinion of Dr. Chew as to use of an assistive device. Further consideration of the lay witness statements may also affect the consideration of the limitations opined by those witnesses. The ALJ should also address plaintiff's testimony that his ability to type has been adversely affected by the numbness in his hands (AR 761), as the ALJ did not specifically address this issue in the decision. If the ALJ's consideration of this evidence changes the assessment of plaintiff's RFC, the ALJ should consider the compatibility of the RFC finding with plaintiff's ability to perform his past relevant work.

## Remand

The Court has discretion to remand for further proceedings or to award benefits. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits where the record has been fully developed and further administrative proceedings would serve no useful purpose. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Such a circumstance arises when: (1) the ALJ failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *Id.* at 1076-77.

Here, it is not clear from the record that the ALJ would be required to find plaintiff disabled if the evidence described herein was properly considered. Therefore, the Court finds the proper remedy to be remand for further proceedings.

/ / /

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further proceedings consistent with this Report and Recommendation.

DATED this 20th day of June, 2011.

Mary Alice Theiler
United States Magistrate Judge